## FILMORE HOLDER v. GIANT LUMBER COMPANY.

(Filed 20 November, 1912.)

1. **Evidence—Nonsuit—Instructions—Appeal and Error—Practice.**
     The question of the sufficiency of the evidence to submit the case to the jury can only be considered on appeal by an exception to the refusal of the trial court to grant a motion of nonsuit or to give a proper prayer for instruction to that effect.

2. **Instructions—Time of Filing—Court's Discretion—Appeal and Error.**
     When it appears that the trial judge has refused to accept prayers for special instructions tendered him after the commencement of the argument, and no permission to file them at that time appears to have been given, his refusal to consider the special requests is within his reasonable discretion, and his action will not be reviewed on appeal. *Craddock v. Barnes*, 142 N. C., 89, cited and approved.

3. **Witnesses, Expert—Hypothetical Questions—Questions for Jury —Appeal and Error.**
     Hypothetical questions asked of an expert witness, a physician, in this case, as to the effect of the wound upon the plaintiff's knee alleged to have been negligently inflicted by the defendant, and the cause of the suffering alleged to have been thereby endured, are held to be proper, and not trespassing upon the province of the jury.

4. **Instructions—Master and Servant—Duty of Master—Safe Tools and Appliances.**
     Instructions in this case relating to the duty of the master to furnish his servant proper tools and appliances with which to do his work, are sustained, and *Mercer v. R. R.*, 154 N C., 400, cited and applied.

APPEAL by defendant from *Lyon, J.*, at August Term, 1912, of WILKES.

Civil action. The following issues were submitted to the jury:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff, by his own negligence, contribute to his own injury? Answer: No.

3. What damage is the plaintiff entitled to recover? Answer: $800.

161—12

From the judgment rendered, the defendant appeals.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

*Hackett & Gilreath for plaintiff.*
*W. W. Barber and Finley & Hendren for defendant.*

BROWN, J. The principal question discussed on the argument of this case by the learned counsel for the defendant is not presented in such a manner that we can consider it. As to whether there is sufficient evidence of negligence to justify the submission of the question to the jury can only be presented by a motion to nonsuit, or by a proper prayer for instruction.

No motion to nonsuit appears to have been made, and we are debarred from considering the prayers for instruction because of the objection of the plaintiff that they were not filed within the time required by the statute.

After the argument commences it is well settled that counsel will not be permitted to file requests for special instructions without leave of the court, and no such leave appears to have been given in this case, for the court declined to consider the prayers after they were handed up.

In *Craddock v. Barnes* it is said the time within which special instructions should be requested must be left to the sound discretion of the presiding judge, and this Court will be slow to review the exercise of such discretion; but the judge must so order his discretion as to afford the counsel a reasonable time to prepare and present their prayers. 142 N. C., 89; *Biggs v. Gurganus,* 152 N. C., 176.

The assignments of error relating to the hypothetical questions asked Dr. Duncan, we think, are without merit. It is unnecessary to set out the questions themselves. The opinion asked of the witness did not trespass at all upon the province of the jury. These questions only elicited from the physician his opinion of the effect of the wound upon the knee, and also his opinion upon the cause of the suffering alleged to have been endured by the plaintiff. We think the hypothetical questions were framed correctly, according to the rule laid down in *Summerlin v. R. R.,* 133 N. C., 551.

WARD *v.* R. R.

We do not think the assignments of error relating to the charge of the court can be sustained. His Honor seems to have followed the well settled decisions of this Court relating to the duty of the master to furnish proper tools and appliances to his servant. *Mercer v. R. R.,* 154 N. C., 400, and cases cited.

Upon a review of the entire record, we find

No error.