MARY E. McCARRON *vs.* GEORGE BOLDUC.

Suffolk.    January 7, 1930. — January 8, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Negligence,* Motor vehicle, Gross, In use of way.

At the trial of an action of tort for personal injuries by one riding as a guest in an automobile operated by the defendant, there was evidence that the defendant had drunk alcohol while at a shore resort to which he and the plaintiff had gone; that on the way back therefrom at night the road was slippery and the weather misty; that, after stopping the automobile at the side of the street, the defendant was ordered by a police officer to drive on, whereupon he drove across a lawn onto the road and proceeded at a speed of forty to forty-five miles an hour about half a mile to a point where there were red lights in the way and a detour, necessitating a turn; that the plaintiff, before they reached that point, exclaimed, "Look out for the red lights"; and that the automobile there tipped over and the plaintiff was injured. *Held,* that the evidence warranted a finding that the defendant had been guilty of gross negligence.

TORT. Writ dated October 18, 1926.

Material evidence at the trial in the Superior Court before *Brown,* J., is stated in the opinion. At the close of the evidence, the judge denied a motion by the defendant that a verdict be ordered in his favor. The jury found for the plaintiff in the sum of $5,500. The defendant alleged an exception.

*A. Donahue,* (*F. M. Ryder* with him,) for the defendant.

*C. D. Driscoll,* for the plaintiff.

RUGG, C.J.   This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff, in the early morning of a Sunday in June, while riding with the defendant as his guest with two others in his automobile.

There was evidence in its aspect most favorable to the plaintiff tending to show that while at Nantasket Beach whither they had ridden the defendant drank alcohol; that he started to return by a route different from the one by which he had gone; that it had been raining in the afternoon, and it then was misty and the roads were slippery; that on the way the plaintiff several times remonstrated with the defendant because he was driving too fast; that after twelve o'clock in the morning he stopped his car on the side of a street, and after a time was directed by a police officer to drive on; that the defendant thereupon drove across a lawn and onto the road, and proceeded at a rate of forty to forty-five miles an hour a distance of about half a mile to a place where there were red lights in the highway, a detour, and where a turn must be made; that the automobile tipped over and the plaintiff received injuries; that before the automobile reached this point the plaintiff exclaimed, "Look out for the red lights"; that because the defendant drove over the lawn and on at a high rate of speed police officers followed him and reached him almost immediately after the accident which occurred at about one o'clock in the morning; that the defendant was taken to the police station where he was "booked" for drunkenness and locked up; that the police officer smelled liquor on the defendant; that on the following Monday the defendant in court was discharged on complaints for drunkenness and for operating an automobile so that the lives or safety of the public might be endangered, but was found guilty on a charge of operating under the influence of liquor.

No discussion is required to show that, if these were found to be the facts, there was evidence of gross negligence on the part of the defendant. *Altman* v. *Aronson,* 231 Mass.

588, 591, 592. *Rog* v. *Eltis*, 269 Mass. 466, and cases cited. *Blood* v. *Adams*, 269 Mass. 480. *Learned* v. *Hawthorne*, 269 Mass. 554.

*Exceptions overruled.*