P. J. LISKE v. W. L. WALTON.

(Filed 28 May, 1930.)

**Highways B b: B g—Question of whether plaintiff was guilty of contributory negligence which was proximate cause held for jury.**

Where the evidence in an action to recover damages for an injury received in an automobile collision at an intersection of public highways tends to show that the defendant stopped his car not over four feet beyond the point of intersection and that the plaintiff was driving his car at a speed in excess of that allowed by law: *Held,* the evidence of contributory negligence was sufficient to be submitted to the jury, and the question of contributory negligence and proximate cause is for their determination.

CIVIL ACTION, before *Stack, J.,* at November Term, 1929, of ROWAN.

The plaintiff offered evidence tending to show that his car was being driven by his wife, in a careful and prudent manner down Fulton Street in the city of Salisbury, and that the defendant drove into said highway from Wiley Avenue at a reckless, dangerous and unlawful rate of speed in disregard of a stop sign. The plaintiff also offered evidence tending to show that after the collision the defendant stated: "I will admit I was in the wrong. Go ahead and settle it and keep it quiet." The defendant offered evidence tending to show that he approached the intersection of Wiley Street at a speed of not more than fifteen miles an hour, and that the plaintiff's car was approaching the intersection "coming at a terrible rate of speed about fifty feet from me, and I stopped dead still and cut my car to the left as far as I could." The defendant further testified that the bumper of his car was not over four feet in the intersection at the time of the collision. There was other testimony that the plaintiff's car was approaching the intersection at a speed of forty or forty-five miles an hour.

The defendant's version of his conversation with the plaintiff after the collision was entirely different from that testified to by the plaintiff.

Issues of negligence and damages were submitted to the jury and answered in favor of plaintiff, who recovered $300.

From judgment upon the verdict the defendant appealed.

*W. V. Harris and. Clyde E. Gooch for plaintiff.*
*Rendleman & Rendleman for defendant.*

Brogden, J. The court charged the jury as follows: "The defendant sets up contributory negligence and alleges that the plaintiff's wife was guilty of contributory negligence. The court does not recall any evidence that would warrant you in passing on such issue, and therefore does not submit an issue as to that." The defendant in apt time tendered an issue as to contributory negligence which was refused, and to the refusal of the court to submit an issue of ·contributory negligence and to the charge as set out, the defendant excepted and assigned the same as error.

*Stacy, C. J.,* writing in *Davis v. Jeffreys,* 197 N. C., 712, said: "Contributory negligence, such as will defeat a recovery in an action like the present, is a negligent act of plaintiff, which concurring and coöperating with the negligent act of defendants, thereby becomes the real, efficient, and proximate cause of injury, or the cause without which the injury would not have occurred." There is no essential difference between negligence and contributory negligence, except that in actions like the present one, the negligence of plaintiff is called contributory negligence. *Moore v. Iron Co.,* 183 N. C., 438, 111 S. E., 776. If the testimony of defendant is to be accepted, the plaintiff's car was approaching the intersection at a rapid rate of speed and in violation of the statute. Under our system of determining disputed issues it is for the jury to say whether the plaintiff was guilty of negligence and whether such negligence coöperated or concurred with the negligence of defendant, if any, as a proximate cause of the injury complained of.

We are of the opinion that there was sufficient evidence of contributory negligence to be submitted to the jury.

New trial.