FRANK BERTERA *vs.* ANDREW E. CUNEO.

Hampden.    November 6, 1930. — November 24, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Negligence,* Gross, Motor vehicle, In use of way, Intoxicated person. *Evidence,* Presumptions and burden of proof.

Evidence, at the trial of an action by a guest in an automobile against the operator thereof, for personal injuries suffered in a collision, was that, as the defendant, while drunk, was driving north on a much travelled highway at night, at the rate of about twenty-five or thirty miles per hour, he "kind of switched and changed . . . . from one place to the other, went from side to side"; that, when a car approaching in the opposite direction drove out of line into his path, he turned to his right and ran into an automobile parked at that side of the road "off the hardened part." It did not appear how near to the defendant the parked automobile was at the time he turned to his right, nor that it was lighted nor that the defendant saw it or could have avoided it. A motion that a verdict be ordered for the defendant was denied. There was a verdict for the plaintiff. *Held,* that

(1) The burden of proof was on the plaintiff to show that the defendant in operating his vehicle was guilty of gross negligence;

(2) However unsafe it may be for a drunken person to operate an automobile, especially upon a public highway, some act of negligence

must be shown in addition to drunkenness to make out a case of gross negligence;

(3) The evidence did not warrant a finding that the defendant was guilty of gross negligence.

TORT. Writ dated February 6, 1928.

In the Superior Court, the action was tried before *Broadhurst,* J. Material evidence is stated in the opinion. The judge denied a motion that a verdict be ordered for the defendant. There was a verdict for the plaintiff in the sum of $2,500. The defendant alleged exceptions.

The case was submitted on briefs.

*J. H. Madden,* for the defendant.

*G. F. Leary, G. D. Cummings, & E. B. Landis,* for the plaintiff.

CARROLL, J. The plaintiff was injured while riding with the defendant as his guest in an automobile operated by the defendant, about ten o'clock on the night of September 4, 1927, as they were going north on Riverdale Street, West Springfield.

The plaintiff testified that he " sat on the front seat with the defendant . . . . there were cars on the Riverdale road where the accident happened, plenty of them, some were going to Holyoke and some were going to Springfield . . . . as they got near the place of the accident the car kind of switched and changed . . . . from one place to the other, went from side to side. Their car then struck something and the automobile turned over . . . he should judge the car was going about twenty-five or thirty miles an hour." He also testified that an automobile, in the line of cars going in a southerly direction, " suddenly left that line and pulled out to the left," that is, as we understand the record, the operator moving in a southerly direction turned onto the defendant's side of the road; that the defendant " turned to his right when this other car came out of the line."

The plaintiff was asked if he said " I do not blame Mr. Cuneo for this accident." He answered " I never know about this thing, but I always said I believe that Cuneo was right." The plaintiff further testified that he made

a statement to the adjuster of the insurance company; that the adjuster asked him if the defendant was going fast and he replied " I don't know nothing . . . .   That he told the adjuster as he was going north on the right hand side, he told Mr. Cuneo to go slow as there were many automobiles on the road.   That at the time he made the statement he believed that Mr. Cuneo was driving slow and carefully." He was asked if " he told the adjuster that one car going south pulled out of the line to pass another," and he testified that he " told the adjuster that was the way it looked to him that it seemed as if the car came headed for Mr. Cuneo's car."

There was evidence that the defendant was drunk; and it appeared when he pulled to the right to avoid the car approaching from the north and moving toward his side of the highway, in order to avoid a collision with this car he turned to the right and struck a sedan car standing on the east side of 'Riverdale Street and facing north.

The burden of proof was on the plaintiff to show that the defendant in operating his vehicle was guilty of gross negligence.   The jury could have found that the defendant was drunk.   But however unsafe it may be for a drunken person to operate an automobile especially upon a public highway, some act of negligence must be shown in addition to drunkenness to make out a case of gross negligence. From all that appears on this record there was nothing to indicate that the defendant was careless.   He was on his right hand side of the way.   As we interpret the evidence he was driving carefully.   The possibility of danger is always present when a drunken person attempts to operate a motor vehicle, but if he acts as carefully as a sober man of ordinary prudence under the existing circumstances he is not negligent.   The fact that the car of the defendant as he got " near the place of the accident . . . switched and changed " does not mean that he was careless or negligent. The switching and changing may have been necessary to avoid a collision.   A sober and reasonably prudent operator might have acted in the same manner under the conditions then existing.   It is not shown that the defendant

was negligent in running into the parked sedan: he had to turn to the right to avoid a collision with the automobile coming from the north which had left the line of travel and was on the defendant's side of the road. It does not appear how near to the defendant the parked sedan was located when the collision with the automobile moving south was imminent except that the sedan was "parked off the hardened part of the highway." It is not shown that the sedan was lighted, that the defendant saw it or could have avoided striking it. *Bryne* v. *Great Atlantic & Pacific Tea Co.* 269 Mass. 130, is not in conflict. In that case a motor truck struck an excavator standing on the highway between eight and ten o'clock of a September morning.

We have not considered the question of the plaintiff's care as we do not discover in the record sufficient evidence to justify a jury in finding that the defendant was grossly negligent. The defendant's motion for a directed verdict should have been granted.

*Exceptions sustained.*