UNION INDEMNITY COMPANY v. HENRY D. PERRY.

(Filed 13 May, 1931.)

1. **Evidence D f—Evidence to be admissible as corroborative evidence must be introduced after testimony sought to be corroborated.**

    Corroborative evidence must be of evidence already introduced at the trial to be admissible on that ground.

2. **Appeal and Error J e—Where same evidence has been admitted without objection, exception thereto will not be sustained on appeal.**

    Where on cross-examination evidence is erroneously admitted over exception it will not be held for reversible error if brought out by appellant on his redirect examination.

**3. Same—Refusal of court to submit issue tendered held not reversible error in this case.**

> Where the amount alleged to be due by contract is a mere matter of calculation from the other undisputed evidence in the case, the refusal of the court to submit an issue tendered thereon is not reversible error, where the controversy is determined by the answer of the jury to the issue submitted.

CIVIL ACTION, before *Small, J.,* at October Term, 1930, of GUILFORD.

The facts surrounding the controversy are stated in the former appeal in this case, reported in 198 N. C., 286.

This cause was tried upon the following issue: "Was the extra work done under the original contract between the parties?" The defendant excepted to the issue submitted and tendered the following issue: "What amount, if any, is the defendant, Henry D. Perry, due and owing to the plaintiff, Union Indemnity Co?"

The defendant offered evidence tending to show that he completed the work specified in the original contract and had moved his machinery and road force to another location, and that thereafter the authorities of the city of High Point requested him to do additional work; that after going over the proposition he consented to do said work, and that the additional work was done under a new and distinct contract with the city, for which no bond was required or given.

The jury answered the issue "Yes," and from judgment upon the verdict the defendant appealed.

*Manly, Hendren & Womble and Kenneth M. Brim for plaintiff.*
*King, Sapp & King for defendant.*

BROGDEN, J. The first witness for plaintiff was asked the following question on cross-examination by the defendant: "And that is all that he (Perry) ever contracted to pay, and that is what he told you, wasn't it?" The witness would have answered "Yes," but upon objection of plaintiff the question and answer were excluded, and the defendant excepted. This exception is not sustained for the reason that the contract was in writing and the amount to be paid was specified in the instrument. Neither was the evidence competent at the time it was offered to corroborate the defendant Perry for the reason that Perry had not then been examined as a witness or offered any testimony as to the transaction.

The plaintiff offered the city engineer as a witness and propounded the following question: "Mr. Taplin, state whether or not in July, 1925, at the time of the letting of this contract, if you as city engineer for the city of High Point, contemplated the construction of additional water and sewer extensions to that estimated in the contract?" The witness

answered, "Yes, sir, I did." The defendant excepted to the question and answer upon the theory that the city engineer had not communicated to the defendant the fact that other work was contemplated at the time of the letting. However, on redirect examination by the plaintiff, witness testified without objection: "At the time this contract of July, 1925, was let, this public letting, I had in mind to do other work of the same kind for the city. The council told me to get prices on water lines and that they might give it to Mr. Perry and they might not. . . . When the bidders, including Mr. Perry, came over there to bid on the work they asked me if I thought there would be more work. I replied that I thought there would be, but to what extent I could not say."

The foregoing testimony of witness not having been elicited on cross-examination, and no objection having been taken thereto, even if his former testimony was incompetent, the exception cannot be sustained. *Shelton v. R. R.,* 193 N. C., 670.

The defendant in apt time objected to the issue submitted to the jury and tendered an issue as to indebtedness which the court declined to submit. The opinion of the Court upon the former appeal in 198 N. C., 286, did not undertake to frame issues for the trial of the cause, but rather to state the propositions of law involved in the appeal. The amount of work done under the contract, whether performed under the original written contract or in pursuance of a subsequent verbal contract, produced a clear cut issue of fact, and nothing else appearing, the defendant's exception to the failure of the court to submit an issue of indebtedness would be sound and maintainable, but the record tends to show that the amount of work done was not in controversy. It was alleged in the complaint that the amount of extra work done was $161,815.48, and the amendment to the answer seems to recognize the correctness of the amount stated. Furthermore, it was stipulated by counsel for both parties that the statement of estimates made by the city engineer for work done from 25 July, 1925, to 8 March, 1927, and offered at the trial was correct. These estimates showed the amount of work done amounted to $219,763.88. The original contract in writing provided for work amounting to $57,948.40. The difference between these two amounts is $161,815.48. Therefore, the amount of indebtedness was exclusively a matter of calculation, and hence the exception cannot be sustained.

Exceptions were also taken upon the ground that the court did not correctly instruct the jury, but an examination of the entire charge fails to produce a conviction of error, and the judgment is affirmed.

No error.