## John Caldbeck *vs.* Hobart S. Flint.

Worcester. September 26, 1932. — January 3, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Negligence*, Gross, Contributory, In use of way.

At the trial of an action of tort for personal injuries sustained when the plaintiff was a guest in an automobile which was driven by the defendant against a lighted cement beacon in a public way, there was evidence that, just before the collision, the defendant, in driving up a long, steep hill, had gone from the right hand to the left hand side of the road several times; that, when the plaintiff remonstrated with him, he kept on the right until he reached the top of the hill where the beacon was, when, with ten feet of free space at the right, he drove into the beacon at the rate of twenty-five miles per hour, demolishing it; that darkness had come on and street lights along the road were lighted, one of them being ten or fifteen feet on the side of the beacon from which the automobile was approaching; and that at the time the defendant was under the influence of intoxicating liquor. *Held,* that

(1) The evidence warranted a finding that the defendant, in driving against the beacon, was guilty of gross negligence;

(2) If the jury found that the defendant was under the influence of liquor, that fact properly might have been taken into account on the issue of the degree of his negligence.

At the trial of the action above described, it appeared that, during the afternoon of the collision, both the plaintiff and the defendant had drunk four bottles of beer. There also was evidence that the beer was so lacking in potency that it would not produce intoxication regardless of the quantity consumed. There was no evidence that the plaintiff knew that the defendant had drunk any other intoxicating liquor, but it appeared that he had not been with the defendant at all times during the afternoon. The plaintiff did not admit either that he knew or that he ought to have known that the defendant was under the influence of intoxicating liquor. *Held,* that

(1) On all the evidence, the jury might have found that, although the defendant was under the influence of intoxicating liquor at the time of the accident, that condition was not the result of the beer drunk in the presence of the plaintiff and that the plaintiff did not know and reasonably could not be held to have known of the defendant's condition prior to the accident;

(2) A finding was not required as a matter of law that the plaintiff was guilty of contributory negligence.

TORT. Writ dated April 20, 1929.

In the Superior Court, the action was tried before *Pinanski*, J. Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $6,500. The defendant alleged exceptions.

*A. Donahue*, for the defendant.

*H. E. Manning*, for the plaintiff.

DONAHUE, J. The plaintiff was injured while riding as a guest in an automobile owned and driven by the defendant which was proceeding easterly on Main Street in Spencer about three quarters of a mile easterly of the center of the town. Although there was conflicting evidence, the jury might have found the facts to be as herein recited. They had been coming up a long steep hill and some distance back from the top the automobile had gone from the right side of the macadam road to the left several times, but when the plaintiff spoke to the defendant about it the latter straightened out the automobile and it continued on the right of the center of the roadway. Near the top of the hill a street intersected Main Street from the right and about twenty-five feet to the east of that intersection there was a beacon light in the center of the roadway consisting of a cement base three feet in diameter and two or three feet high; on this was a metal cap supporting a structure which had a panel of glass on each of its four sides. Darkness had come and street lights along the road were lighted, one of them being ten or fifteen feet on the Spencer side of the beacon. The beacon light was illuminated from its top to its base, there was a space of ten feet free for passage between the concrete base of the light and the right edge of the macadam, there was nothing in the condition of the surface of the highway and no traffic in the vicinity

which required the defendant's automobile to leave the right side of the road, yet he drove his automobile at the beacon at the rate of twenty-five miles an hour demolishing the upper structure. The automobile came to a rest with its front axle resting upon the concrete base. There was evidence from which the jury was warranted in finding that the defendant was at the time under the influence of intoxicating liquor.

We cannot say as matter of law that the evidence did not warrant the conclusion by the jury that the defendant's conduct in the operation of his automobile in the critical seconds just preceding the collision was not only lacking in ordinary care but amounted to such utter lack of concern for the safety of himself and of his guest as to amount to gross negligence. Whether the defendant was looking ahead as he should have been and, as the jury might have found, inexcusably ran into the beacon light, or whether, unmindful of the obligation the law put upon him, he diverted his attention from the road and thus failed to see what was so manifest, the jury would have warrant for finding him grossly negligent. *McCarron* v. *Bolduc*, 270 Mass. 39. *Meeney* v. *Doyle*, 276 Mass. 218. *Blood* v. *Adams*, 269 Mass. 480. If the jury found that he was under the influence of intoxicating liquor, that fact might properly have been taken into account by it on the issue of the degree of his negligence. *Learned* v. *Hawthorne*, 269 Mass. 554, 561.

The defendant contends that as matter of law a verdict should have been directed for him on the ground that the plaintiff was guilty of contributory negligence in continuing to ride in the automobile after he knew or should have known that the defendant was under the influence of intoxicating liquor. This contention cannot be sustained. It was not admitted by the plaintiff that he either knew or ought to have known that such was the condition of the defendant nor did the evidence compel the jury to make either such finding. It is true that between three o'clock in the afternoon, when they started from Worcester, and five o'clock or thereabouts, when having been to East

Brookfield they left the center of the town of Spencer on their way home, the parties testified that they had each drunk four bottles of beer. On the evidence it could not have been found that, as a result, the plaintiff was under the influence of intoxicating liquor. At the trial it was the contention of the defendant that he, the defendant, was not in that condition. He testified in effect that in his opinion the beer which they had drunk together was so lacking in potency that it would not produce intoxication regardless of the quantity consumed. The plaintiff testified that the defendant appeared capable of driving and sober when they left the center of the town of Spencer and that there was nothing in the conduct of the defendant observed by him which indicated that the defendant was under the influence of liquor. A witness, who saw the defendant immediately after the accident, testified that the defendant's breath then smelt of liquor and he described conduct, speech and appearance of the defendant which would warrant the inference that the defendant at that time was in fact under the influence of intoxicating liquor. There was also evidence that the defendant was at times not in the presence of the plaintiff when they were in East Brookfield and when they were in the center of the town of Spencer. On all the evidence the jury might have found that, although the defendant was under the influence of intoxicating liquor at the time of the accident, that condition was not the result of the beer drunk in the presence of the plaintiff and that the plaintiff did not know and reasonably could not be held to have known of the defendant's condition prior to the accident. If the jury believed that the movements of the automobile from the right to the left of the center of the road shortly before the collision should in view of all the evidence have given notice to the plaintiff of the defendant's condition, it was for the jury to say whether the plaintiff was negligent in not then attempting to leave the automobile or in acting differently than he did. *O'Connell* v. *McKeown*, 270 Mass. 432, 435. No exception was taken to the refusal of the judge to give any requested ruling or to the judge's charge.

The defendant contends that a verdict should have been directed in his favor on the ground that the plaintiff assented to the defendant's illegal conduct in operating his automobile while under the influence of intoxicating liquor. From what has earlier been said it is manifest that on the evidence such a ruling of law could not be made. There was no error in submitting the case to the decision of the jury.

*Exceptions overruled.*