MRS. R. CLIFFORD YATES v. THOMASVILLE CHAIR COMPANY.

(Filed 27 January, 1937.)

1. **Automobiles § 18g—Evidence held sufficient for jury on issues of negligence and proximate cause.**

Evidence that the automobile driven by one defendant in the course of his employment and owned by the other defendant was being operated at unlawful speed at the time of the accident in suit, and that the brakes thereon were inadequate and not sufficient to control it, *is held* sufficient to be submitted to the jury on the issues of negligence and proximate cause and to overrule defendants' motions to nonsuit.

2. **Evidence § 51—Opinion of expert on facts within his knowledge need not be predicated upon hypothetical questions.**

An expert may give his opinion directly on facts within his knowledge, and may give his conclusion or opinion on facts outside his knowledge upon proper hypothetical questions reciting the facts, and an exception to the expert testimony of a doctor who had treated and observed plaintiff after the accident in suit that at the time plaintiff signed the release in question she did not have sufficient mental capacity to understand the nature and effect thereof, cannot be sustained, the opinion being based on facts within the knowledge of the expert.

APPEAL by defendant from *Rousseau, J.,* at February Term, 1936, of DAVIDSON. No error.

This is a civil action to recover damages for personal injuries alleged to have been proximately caused by the negligence of the defendant. There was evidence tending to show that on 15 December, 1934, a Chevrolet sedan automobile in which the plaintiff was a passenger and which was driven by her husband on Randolph Street in Thomasville, while being turned into the entrance to the plaintiff's home on the east side of said street, was violently struck by a truck driven by the agent and servant of the defendant; that the impact of the two automobiles threw the plaintiff out upon the street and her leg was run over by the truck and so injured as to necessitate amputation.

There was allegation and evidence that on 20 December, 1934, the plaintiff, in consideration of $485.00, signed a full and final release of all claims which she had against the defendant, and on 24 December, 1934, plaintiff endorsed a draft sent her in compliance with the terms of the release. There was further evidence that at the time plaintiff signed such release and endorsed such draft, she did not have mental capacity to know what she was doing.

The issues submitted to and answers made by the jury were as follows:

"1. Did the plaintiff sign and execute the release introduced in evidence? Answer: 'Yes.'

"2. Did the plaintiff, at the time of the signing of the release introduced in evidence, have sufficient mental capacity to understand the nature and legal effect of said release? Answer: 'No.'

"3. Did the plaintiff ratify the release by accepting and retaining the consideration thereof, after having knowledge of the nature and contents of said release? Answer: 'No.'

"4. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: 'Yes.'

"5. What damages, if any, is the plaintiff entitled to recover? Answer: '$8,000.'"

From judgment based upon the verdict, the defendant appealed, assigning errors.

*Phillips & Bower and H. R. Kyser for plaintiff, appellee.*
*Don A. Walser and Sapp & Sapp for defendant, appellant.*

SCHENCK, J. The appellant assigns as error the refusal of the court to grant its motion for judgment as of nonsuit lodged and renewed when the plaintiff had rested her case and at the close of all of the evidence. C. S., 567. These assignments of error cannot be sustained. There is evidence tending to show that the defendant's truck was being operated at a greater rate of speed than was allowed by law, and that the brakes thereon were inadequate and not sufficient to control it when in use. It was therefore proper to submit the questions to the jury as to whether the defendant was negligent and as to whether this negligence was a proximate cause of the plaintiff's injuries. *Newman v. Coach Co.,* 205 N. C., 26.

The appellant also assigns as error the refusal of the court to sustain its objections to certain questions and answers propounded to and made by witnesses for the plaintiff, relative to their opinion as to the mental capacity of the plaintiff at the time she signed the release of the defendant from any claims arising out of the collision between the two automobiles, and at the time she endorsed the draft sent her in payment of the release. The witnesses were the physicians who saw and treated the plaintiff in the hospital and were admitted experts, and were interrogated and answered substantially as follows:

"Q. Doctor, do you have an opinion satisfactory to yourself whether or not Mrs. Yates on 20 December, 1934, and on 24 December, 1934, had sufficient mental capacity to execute the release and endorse the draft, and to understand the nature and full extent and effect thereof?

"A. I have.

"Q. What is your opinion?

"A. She did not have."

These answers were based upon the personal observation of the expert witnesses of the plaintiff, and come within a well-recognized exception to the general rule that a witness can speak only of facts within his knowledge. As was said in *Summerlin v. R. R.*, 133 N. C., 551, "Succinctly stated, the rule is that the expert must base his opinion upon facts within his own knowledge, or upon the hypothesis of the finding by the jury of certain facts recited in the question." The testimony which is the subject of these exceptive assignments of error falls within the first category, as it is all based upon facts within the knowledge of the witnesses. N. C. Handbook of Evidence (Lockhart), par. 204, p. 243, and cases there cited. See, also, *Winborne v. Lloyd*, 209 N. C., 483.

A careful examination of the record discloses no reversible or prejudicial error, and for that reason the judgment of the Superior Court must be affirmed.

No error.