Hillsborough, Mar. 7, 1944. } No. 3455.

## DORIS T. CORRIGAN *v.* RITA CLARK.

*J. Vincent Broderick* and *Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Booth* orally), for the plaintiff.

*Thorp & Branch* (*Mr. Branch* orally), for the defendant.

PAGE, J. The case was submitted to the jury on the theory that the defendant might be found chargeable with gross negligence under the Massachusetts rule. The only question before us is whether this was error. The facts hereinafter stated are those that might be found most favorable to the plaintiff.

The plaintiff was a non-paying passenger of the defendant's, by the latter's invitation, upon an automobile trip from Manchester in this State to Boston, Massachusetts. The purpose of the trip was to

permit the plaintiff's sister, also a guest passenger, to attend a class in Cambridge. After the class was over, all the occupants of the car went for toilet facilities to the apartment of the plaintiff's sister in Boston. The defendant used them first and left the apartment immediately, saying, "Hurry and come on now." The two sisters, however, remained for eight or ten minutes further.

As the defendant herself told the story, she told the others to hurry so she could get back to Manchester for a wake. After leaving the apartment, the defendant bought some cigarettes and went to her car. "I got in and lighted a cigarette, and I started in smoking, and I thought I would turn on the car and put the heater on, and then I was sitting there. I turned it on and as I was sitting there I got to thinking I was crazy to wait for them, I might as well go home. I shifted the car and rolled up a little bit and backed up a little bit." She admitted that she was getting angry and was "in sort of a temper fit."

When the others came out, the defendant yelled for them to hurry. She banged the door of the car; she looked pale, and her eyes looked wide. The pallor was familiar to the plaintiff, who had observed it once or twice before when the defendant was angry because somebody delayed her when she was in a hurry. The defendant says that as the two girls belatedly appeared she said, "Hurry up, you kids, I haven't got all night to wait." At that moment she had her clutch thrown in. Her left foot was on the clutch in such position that it was all but meshed. Her right foot was pressing the accelerator. She described the position as the same as if she were trying to hold the car from rolling on a hill. Her reason, she said, was that "all you have to do is just let her go and you would go ahead. I was all ready to go."

The plaintiff's sister got in first. The plaintiff, carrying a bag, followed. The car was a two-door sedan. The defendant admitted that there was plenty of space to put the bag into the car without tipping forward the back of the right front seat. Nevertheless, in order to get the bag in more quickly, the defendant leaned to the right, pushed forward the back of the seat, and said, "Drop it there," by which she "meant for her to hurry up and get in and get the bag in there." She further said that she did not suppose that she gave any thought at all to the safety of the plaintiff; she did not know whether she was thinking at all, but knew that she wanted to get home.

As a result of the defendant's movement, the pressure of her left

foot relaxed, the gear became fully engaged, the car shot forward, and the plaintiff was injured.

It may be conceded that the lifting of the foot on the clutch was a trifling movement, when taken by itself, and that of itself it would usually constitute only ordinary or slight negligence. But as the plaintiff rightly argued, this movement was only one of the factors entering into the situation. The defendant had deliberately created a situation relative to the mechanism of the car such that the merest motion on her part would start the vehicle suddenly. It was a situation requiring more than the care that would have been called for if the clutch had been fully depressed or if she had not been feeding gasoline to the engine, and greatly more care than if the gear had been placed in neutral. The jury could have found that the slight movement was caused by no trifling lapse of care. By her own testimony, the defendant had nothing on her mind unless it was her desire to hasten home and to hurry the plaintiff for that purpose. She could be found to have been wholly oblivious to the danger to the plaintiff. Her negligence could be thought to fulfill all the elements of the classical definition of gross negligence in *Altman* v. *Aronson*, 231 Mass. 588, 591. It was "substantially and appreciably higher in magnitude than ordinary negligence," if consideration be given to the particular circumstances of this case; it was more want of care than "simple inadvertence," in view of all the factors; it was of "an aggravated character"; it was findably "the absence of slight diligence, or the want of even scant care"; it amounted, if the jury believed the defendant, to "utter forgetfulness of legal obligations so far as other persons" might be affected; it was, the jury could conclude, "heedless"; and it was admittedly short of "wilful and intentional wrong," while it was marked by a degree of inattention to the defendant's safety that reasonable men could find was substantially complete.

We think that the effect of the defendant's emotional disturbance is to be ascertained in much the same manner as the effect of the influence of liquor. Something more than befuddlement by drink must be shown in order to establish gross negligence. If the befuddlement, however, is such as to cause substantially complete inattention or thoughtlessness, or a high degree of indifference to the driver's duty, then gross negligence can be found. *Learned* v. *Hawthorne*, 269 Mass. 554; *McCarron* v. *Bolduc*, 270 Mass. 39; *Bertera* v. *Cuneo*, 273 Mass. 181; *Caldbeck* v. *Flint*, 281 Mass. 360; *Lynch* v. *Company*, 294 Mass. 170. Upon the defendant's own

testimony, the jury could find that her fit of anger caused substantially complete thoughtlessness of her duty to the plaintiff. They could fairly conclude, upon all the facts, that the defendant's lack of care was so great as to approach the line of extreme negligence, rather than that of simple inadvertence.

*Judgment on the verdict.*

BRANCH, J., did not sit: the others concurred.