ORMAN SPIVEY v. MRS. EVELYN NEWMAN (Now MRS. J. M. KERR).

(Filed 9 June, 1950.)

**1. Automobiles § 19—**

While the driver of a car is not an insurer of the safety of his guests, he is liable for an injury to a guest proximately resulting from his negligence in the operation of the automobile.

**2. Same—**

Evidence to the effect that as plaintiff, an invited guest, was in the act of seating himself and closing the door, defendant suddenly put the car in motion, causing the door to swing violently back and hit plaintiff on the forehead, *is held* sufficient to be submitted to the jury on the question of the actionable negligence of defendant in failing to ascertain whether the plaintiff was in a position of safety before she put the car in motion.

**3. Automobiles § 20a—**

Opposing inferences as to whether plaintiff was contributorily negligent in the manner in which he attempted to board defendant's automobile as an invited guest, *held* permissible upon plaintiff's evidence, and therefore nonsuit on the ground of contributory negligence was properly denied.

**4. Trial § 23f: Pleadings § 24a—**

Variance between allegation and proof as to whether plaintiff was standing in the street in the act of boarding defendant's car as a guest, or whether he was in the car in the act of seating himself, when defendant's act in suddenly putting the car in motion caused the door to swing violently backward and strike plaintiff's forehead, *is held* insufficient to mislead defendant to her prejudice in maintaining her defense upon the merits, and therefore the variance was immaterial and does not justify nonsuit.

**5. Evidence § 47—**

Exceptions to the testimony of an expert witness based upon proper hypothetical questions supported by the evidence as to the cause of suffering alleged to have been endured by plaintiff are untenable.

**6. Appeal and Error § 39e—**

The admission of testimony over objection cannot be prejudicial when the same testimony is thereafter given without objection.

**7. Evidence § 30e—**

Testimony of an expert as to the disclosures of an X-ray picture of plaintiff's head is properly excluded when such picture is not authenticated as being actually an X-ray picture of plaintiff's head.

**8. Evidence §§ 21, 22½—**

The trial court may properly sustain objection to a question asked on re-direct examination which is merely repetitious and directed to matter fully testified to by witness on his direct examination, however proper the matter may have been in the first instance.

**9. Trial § 33—**

　　Where through inadvertence the issue submitted to the jury uses the word "defendant" when the word "plaintiff" was intended, the trial court may, upon the matter being called to his attention by the jury after they had deliberated for some hour and twenty minutes, correct the issue and have the jury resume its deliberations.

**10. Trial § 31b—**

　　It is proper for the trial court to instruct the jury to the effect that it should take the law from the court rather than from counsel.

**11. Negligence § 20—**

　　The court's instructions on contributory negligence *held* without error in this case.

**12. Same—**

　　Instructions in this case as to proximate cause *held* correct and to have plainly charged that foreseeability is an essential element of proximate cause.

APPEAL by defendant from *Phillips, J.,* and a jury, at the September Term, 1949, of GUILFORD.

The plaintiff, an invited guest, sued the defendant, his host, to recover damages for personal injury allegedly suffered as the proximate result of the negligence of the defendant in the operation of an automobile.

According to the allegations of the complaint, the injury in question was sustained under these circumstances: "That when the plaintiff reached the point on the sidewalk approximately opposite the automobile in which the defendant was waiting, he stepped off of the sidewalk, and at the invitation of the defendant started to board her automobile; that at this time the traffic light changed from red to green . . . and the defendant, without waiting for plaintiff to get into her automobile, placed the same in motion while the plaintiff was in the act of entering the same, so that the door of the said automobile was thrown backward by the forward impetus of the automobile in such a manner as to strike the plaintiff a violent blow on the forehead over his right eye, inflicting serious and permanent injury."

The defendant answered, denying actionable negligence on her part and pleading contributory negligence on the part of the plaintiff.

The plaintiff testified at the trial that he was injured in this way: "When I stopped at her car I stepped off into the street and had started into the car, opened the door, was getting into the car and in the act of getting seated. By that time the light had turned from red to green. The other cars had left, and she, of course, was ready to leave and in a hurry to go, evidently; so the car started off with a sudden violent jerk as I was turning to close the door. The door came to, and when it came

to, I was leaning out to close it, and it hit my head. That is the way the blow occurred. It hit my head over the right eye, middle of the forehead. The hinges to the door of that car are to the front, which makes the door close towards the back. As the car started, the jerk of the car caused the door to come back and hit me. And that is the way the accident happened, when I was trying to get the door closed, and was in the act of sitting down."

The plaintiff offered other testimony tending to show that the blow on his head produced a cerebral injury, which caused him to suffer with convulsive seizures at times, necessitated his hospitalization for considerable periods, and impaired his capacity to work in a substantial manner.

The defendant presented evidence indicating that the plaintiff opened the door of her automobile quickly, and bumped his head in so doing; that this was his only violent contact with her automobile, or with any part of it; that at the time he bumped his head the plaintiff was outside the automobile, and the automobile was standing still; that he then entered the automobile, and seated himself beside her; that at the time she put the automobile in motion its doors were closed, and the plaintiff was sitting down; that the bump on the plaintiff's head was of a trivial nature; and that there was no causal relation between such bump and the suffering alleged to have been endured by the plaintiff.

The verdict of the jury was as follows:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff, by his own negligence, contribute to his injury? Answer: No.

3. What amount of damages is the plaintiff entitled to recover? Answer: $5,000.00.

Judgment was entered upon the verdict, and the defendant appealed, assigning as errors the matters mentioned below.

*Thomas Turner and J. J. Shields for plaintiff, appellee.*

*P. W. Glidewell, Sr., and Welch Jordon for defendant, appellant.*

ERVIN, J. We give first consideration to the sixth and fifteenth exceptions, which are based on the refusal of the trial court to dismiss the action upon a compulsory nonsuit under the statute. G.S. 1-183.

The driver of a motor vehicle is not an insurer of the safety of a person riding therein as an invited guest. But he is required by law to exercise reasonable care to protect such person from harm. Accordingly, he is liable for an injury to a guest proximately resulting from his negligence in the operation of the automobile. *Wright v. Wright,* 229 N.C. 503, 50 S.E. 2d 540; *Henderson v. Powell,* 221 N.C. 239, 19 S.E. 2d 876;

*Montgomery v. Blades,* 218 N.C. 680, 12 S.E. 2d 217; *White v. McCabe,* 208 N.C. 301, 180 S.E. 704; *Ballinger v. Thomas,* 195 N.C. 517, 142 S.E. 761. When the evidence presented by the plaintiff at the trial and this rule of law are laid side by side, it is manifest that such evidence was sufficient to establish actionable negligence on the part of the defendant. It tended to show that the plaintiff suffered personal injury as the proximate consequence of the negligent failure of the defendant to ascertain whether he was in a position of safety before she put her car in motion. *Hernandez v. Murphy,* 46 Cal. App. 2d 201, 115 P. 2d 565; *Moore v. Davis* (La. App.), 199 So. 205; *Corrigan v. Clark,* 93 N.H. 137, 36 A. 2d 631.

Moreover, it cannot be said that the plaintiff was contributorily negligent as a matter of law in that he attempted to board the automobile of the defendant or to seat himself therein in a dangerous fashion. Under the testimony opposing inferences were permissible on this particular aspect of the case, and it was, therefore, a question of fact for the jury whether the plaintiff was guilty of contributory negligence. *Groome v. Davis,* 215 N.C. 510, 2 S.E. 2d 771; *King v. Pope,* 202 N.C. 554, 163 S.E. 447.

Furthermore, the record does not justify the conclusion that the proof presented by the plaintiff established a cause of action different from that alleged by him. Even if it be taken for granted that the evidence offered did not correspond in all respects with the allegations of the complaint, the resultant variance must be adjudged immaterial; for nothing in the record suggests that it actually misled the defendant to her prejudice in maintaining her defense upon the merits. G.S. 1-168; *Simmons v. Lumber Co.,* 174 N.C. 220, 93 S.E. 736; *Mode v. Penland,* 93 N.C. 292.

These things being true, the trial court rightly refused to nonsuit the action.

Certain assignments of error are addressed to the admission of testimony given by the plaintiff's physician, Dr. Willard Cardwell, a conceded medical expert. It is well settled in the law of evidence that a physician or surgeon may express his opinion as to the cause of the physical condition of a person if his opinion is based either upon facts within his personal knowledge, or upon an assumed state of facts supported by evidence and recited in a hypothetical question. *Patrick v. Treadwell,* 222 N.C. 1, 21 S.E. 2d 818; *Yates v. Chair Co.,* 211 N.C. 200, 189 S.E. 500; *Godfrey v. Power Co.,* 190 N.C. 24, 128 S.E. 485; *Martin v. Hanes Co.,* 189 N.C. 644, 127 S.E. 688; *Brewer v. Ring,* 177 N.C. 476; 99 S.E. 358; *Taylor v. Power Co.,* 174 N.C. 583, 94 S.E. 432; *Ridge v. R. R.,* 167 N.C. 510, 83 S.E. 762, L.R.A. 1917E, 215; *Lynch v. Manufacturing Co.,* 167 N.C. 98, 82 S.E. 6; *Holder v. Lumber Co.,* 161 N.C. 177, 76 S.E. 485; *Pigford v. R. R.,* 160 N.C. 93, 75 S.E. 860, 44 L.R.A. (N.S.)

865; *Beard v. Railroad,* 143 N.C. 136, 55 S.E. 505; *Summerlin v. Railroad Co.,* 133 N.C. 550, 45 S.E. 898. As we interpret the record, the third, fourth and fifth exceptions related to the hypothetical question asked Dr. Cardwell by counsel for plaintiff. This hypothetical question was framed properly, and merely elicited from the physician his opinion as to the cause of the suffering alleged to have been endured by the plaintiff. Hence, these exceptions are without validity. The defendant maintains with some plausibility that the trial court erred in receiving the portion of Dr. Cardwell's testimony, which is the subject of the first and second exceptions. Be this as it may, these exceptions are not subject to review in this court for the same witness gave substantially the same testimony without objection in other portions of his examination. *Indemnity Co. v. Perry,* 200 N.C. 765, 158 S.E. 560; *Smathers v. Jennings,* 170 N.C. 601, 87 S.E. 534; 5 C.J.S., Appeal and Error, section 1735.

The seventh, eighth and eleventh exceptions challenge rulings excluding testimony of the defendant's medical witness, Dr. A. J. Tannenbaum, that he had examined a skiagraph which he assumed to be an X-ray photograph of the plaintiff's skull, and that such picture disclosed "no objective evidence of bony disorder." Expert evidence as to what a duly authenticated X-ray picture shows is undoubtedly admissible where it tends to aid the jury to understand the nature and extent of injuries involved in the action on trial. *Eaker v. International Shoe Co.,* 199 N.C. 379, 154 S.E. 667. The trial court rightly rejected Dr. Tannenbaum's interpretation of the skiagraph in question, however, for it did not appear by competent evidence that such X-ray photograph was actually a picture of the plaintiff's skull. These observations of a text writer seem pertinent here: "An X-ray picture cannot be authenticated in the same manner as an ordinary photograph, that is, by testimony that it is a correct representation of the object it purports to picture, since it purports to show only shadows of objects not otherwise visible to the eye. To authenticate an X-ray picture two things are generally required: (1) It must be shown that the picture offered is actually a picture of the object or part of the body of which it is claimed to be a picture. (2) It must be shown by satisfactory evidence that the picture is accurate, in the sense that it conforms to the standard of accuracy of X-ray pictures generally." 32 C.J.S., Evidence, section 712.

Dr. Tannenbaum testified fully on his direct examination that in his opinion the plaintiff was suffering from hysteria. Counsel for the defendant undertook to have him repeat this identical testimony on his re-direct examination, and the trial court sustained the objection of plaintiff to such repetition. The ninth, tenth, twelfth, thirteenth, and fourteenth exceptions, which question this ruling, are not maintainable. A trial court has discretionary power to exclude or limit the repetition

of questions and answers, however proper such questions and answers may have been in the first instance. *In re Smith's Will,* 163 N.C. 464, 79 S.E. 977; 70 C.J., Witnesses, section 861.

Due to inadvertency in transcription, the second issue was originally submitted to the jury in these words: "Did the *defendant,* by his own negligence, contribute to his injury?" After deliberating for an hour and twenty minutes, but before answering any of the issues, the jury returned into open court, and called the trial judge's attention to the typographical mistake. The judge forthwith reformed the issue by substituting the word "plaintiff" for the term "defendant," and the jury resumed its deliberations. At that time the defendant noted her eighteenth exception to the "action of the trial court in submitting an erroneous and incorrect issue of contributory negligence to the jury, and in thereafter making a correction of the issue after the jury had been deliberating for an hour and twenty minutes."

Nothing in the record indicates that the defendant was prejudiced in any way by the original wording of the second issue, or by its subsequent rephrasing by the trial judge. For this reason, the eighteenth exception is overruled.

The sixteenth, seventeenth, nineteenth, and twentieth exceptions are directed to the charge, and to a statement of the trial court to the jury concerning views on the law expressed by counsel for defendant at a time when the jury returned into the courtroom and requested further instruction on a particular phase of the law relating to contributory negligence. These assignments of error cannot be sustained.

The statement of the judge was tantamount to an admonition that the jury should take the law from the court rather than from counsel. The instructions on contributory negligence, which the defendant challenges, conformed to repeated decisions of this Court. *McKinnon v. Motor Lines,* 228 N.C. 132, 44 S.E. 2d 735; *Roberson v. Taxi Service, Inc.,* 214 N.C. 624, 200 S.E. 363; *Cashatt v. Brown,* 211 N.C. 367, 190 S.E. 480; *Liske v. Walton,* 198 N.C. 741, 153 S.E. 318; *Davis v. Jeffreys,* 197 N.C. 712, 150 S.E. 488; *Bailey v. R. R.,* 196 N.C. 515, 146 S.E. 135; *Elder v. R. R.,* 194 N.C. 617, 140 S.E. 298; *Boswell v. Hosiery Mills,* 191 N.C. 549, 132 S.E. 598; *Construction Co. v. R. R.,* 185 N.C. 43, 116 S.E. 3; *Construction Co. v. R. R.,* 184 N.C. 179, 113 S.E. 672. Moreover, the instructions as to proximate causation were correct, and made it plain to the jury that foreseeability of injury is an essential element of proximate cause in the law of negligence. *Shaw v. Barnard,* 229 N.C. 713, 51 S.E. 2d 295; *Wood v. Telephone Co.,* 228 N.C. 605, 46 S.E. 2d 717; *Nichols v. R. R.,* 228 N.C. 222, 44 S.E. 2d 879; *Boyette v. R. R.,* 227 N.C. 406, 42 S.E. 2d 462; *Lee v. Upholstery Co.,* 227 N.C. 88, 40 S.E. 2d 688; *Rattley v. Powell,* 223 N.C. 134, 25 S.E. 2d 448; *Montgomery v. Blades,*

222 N.C. 463, 23 S.E. 2d 844, rehearing denied in 223 N.C. 331, 26 S.E. 2d 567; *Luttrell v. Mineral Co.*, 220 N.C. 782, 18 S.E. 2d 412.

The twenty-first and twenty-second exceptions are formal, and require no discussion.

The judgment will be upheld; for there is in law