RAY BENNETT v. WHIPPETT-KNIGHT COMPANY.

(Filed 11 December, 1929.)

**Fraud A b—Purchaser having equal means of information and opportunity to inspect car may not maintain action for fraud.**

Where the evidence discloses that the purchaser of a second-hand automobile had equal means of information with the seller as to the age and running condition of the car, and that the purchaser was not prevented from making a full and thorough examination of the car before the contract of purchase was entered into: *Held*, the purchaser may not successfully maintain an action for fraud for representation as to its age or running condition.

CIVIL ACTION, before *MacRae, Special Judge,* at August Term, 1929, of YANCEY.

Plaintiff alleged that on 16 April, 1929, he exchanged his Overland car with the defendant in return for "one 1926 model Oldsmobile." Plaintiff further alleged that at the time of the exchange the defendant represented that the Oldsmobile "was a 1926 model, was in good condition, and in good running order." The plaintiff further alleged that in truth and in fact said car was a 1925 model, and not in good running condition; that his Overland was worth $125 at the time of the exchange, and that he had paid $30 in cash and $9.30 for repairs, making a total of $164.30, which he sought to recover in this action.

At the conclusion of plaintiff's evidence there was judgment of nonsuit and the plaintiff appealed.

*Watson & Fouts for plaintiff.*
*McBee & McBee and Chas. Hutchins for defendant.*

PER CURIAM. The record discloses that the plaintiff was a graduate of a junior college and engaged in teaching school. On 16 April, 1929, at the time of exchanging cars, plaintiff signed an affidavit which contained a statement that the Oldsmobile he received from the defendant was a 1925 model. He testified that he signed this paper-writing upon the representation of the bookkeeper of defendant that a controversy had arisen between "the Oldsmobile people and the State of North Carolina; that it was sold as a 1925 model, and the State of North Carolina gave title for the year the car was sold and not for the model of the car." Plaintiff further testified: "I drove the car some before I traded for it. . . . After I had tried it out I told them to go ahead and fix up the papers, and I signed the papers at Spruce Pine with an explanation which the bookkeeper gave to me. . . . I had every opportunity to

look into the car and investigate it, but Mr. Shuford said it was in good
condition, and I took his word for it."

We do not think the evidence of fraud was sufficient to be submitted
to the jury. It is obvious from the evidence that the parties had equal
means of information, and that the plaintiff was not prevented from mak-
ing a full and thorough examination and test of the property before the
contract was entered into. *Peyton v. Griffin*, 195 N. C., 685, 143 S. E.,
525; *Cromwell v. Logan et al.*, 196 N. C., 588, 146 S. E., 233.

Affirmed.