EVELYN JOLLEY v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 12 July, 1933.)

**Appeal and Error K f—Petition to rehear is dismissed in this case.**

Where it does not appear upon a petition to rehear that the question of law therein presented was decided without due consideration or that the Court overlooked any material fact or principle of law; and no additional authority is presented by petitioners in their brief on the rehearing, and there is no error of law in the decision, the petition will be dismissed.

PETITION by defendant for a rehearing of its appeal from the judgment of the Superior Court of CLEVELAND County in this action. Petition dismissed.

*B. T. Falls for plaintiff.*
*Francis R. Stark and Alfred S. Barnard for defendant.*

CONNOR, J. Defendant's appeal from the judgment of the Superior Court of Cleveland County in this action was heard at the Fall Term, 1932, of this Court, and was decided on 8 February, 1933. The judgment was affirmed. See *Jolley v. Telegraph Co.,* 204 N. C., 136, 167 S. E., 575.

On 9 March, 1933, the defendant filed its petition for a rehearing of its appeal. The petition was allowed, and the appeal docketed for a rehearing on 27 May, 1933. Rule 44, Rules of Practice in the Supreme Court. 200 N. C., 838.

In its petition, the defendant contends that there was error at the trial in the Superior Court, with respect to the third issue involving the damages which plaintiff is entitled to recover of the defendant, and that this Court erroneously failed to sustain its contention in that respect, which was duly presented by its appeal from the judgment of the Superior Court. It contends that on all the evidence at the trial, the plaintiff was not entitled to recover of the defendant more than nominal damages for the injury which she sustained by reason of the negligent failure of the defendant to transmit and deliver the telegram which she had filed with the defendant. This contention was carefully considered at the hearing of defendant's appeal, as will appear by reference to the opinion of this Court. On the authorities cited in the opinion, the defendant's contention was not sustained. There was evidence tending to show that plaintiff was entitled to recover of the defendant compensatory damages. This evidence was submitted to the jury under instructions which are in accord with well settled principles of law.

The defendant's petition for a rehearing of its appeal is dismissed on the authority of *Weston v. Lumber Co.,* 168 N. C., 98, 83 S. E., 693. It does not appear from the petition that the question of law presented thereby was decided hastily or without due consideration; or that any material fact or pertinent principle of law was overlooked by this Court. No additional authority supporting the contention of the defendant has been cited in the brief filed by the defendant on the rehearing of its appeal. McIntosh N. C. Practice & Procedure, p. 811. The decision at the hearing of defendant's appeal is in accord with the authorities cited in the opinion, and with well settled principles of law. The decision will stand, and the judgment affirming the judgment of the Superior Court will not be disturbed.

Furthermore, it is observed that the sufficiency of plaintiff's telegram to create an acceptance of the position to which she had been elected, and to make a contract between her and the trustees of the Manteo High School, does not seem to have been questioned at the trial of the action. All the evidence showed that she had been duly elected as a teacher in the Manteo High School for the term of one year, at a fixed salary, and that she failed to receive this salary because of the negligent breach by the defendant of its contract with her to transmit and deliver her telegram of acceptance.

Petition dismissed.