JANE MONTGOMERY v. GRACE M. BLADES, Administratrix of WILLIAM B. BLADES, Deceased; SOUTHERN RAILWAY COMPANY and CITY OF DURHAM.

(Filed 20 December, 1940.)

**1. Municipal Corporations § 14: Railroads § 11—**

Where as a part of the original construction of a railroad overpass, supports for the overpass rest in the center of a street and create a dangerous condition, both the municipality and the railroad company may be held liable for negligence in so maintaining the supports.

**2. Negligence §§ 6, 7—**

Intervening negligence becomes the independent and sole proximate cause of injury so as to prevent the original negligence from being actionable when the original negligence does not join with the intervening

negligence in logical sequence in producing the injury, or when the intervening negligence is of such an extraordinary nature that it could not be reasonably foreseen by the author of the original negligence.

3. **Same: Municipal Corporations § 14: Railroads § 11—In this action by guest, alleged negligence of driver crashing into supports of railroad overpass held not to insulate alleged negligence of municipality and railroad.**

Plaintiff, while riding as a guest in a car, was injured when the car crashed into a support of a railroad overpass. In its original construction the railroad overpass bridge was supported in its middle by concrete pillars having their base in the center of the street, so that the street under the bridge was divided in half. Plaintiff instituted this action against the administratrix of the driver and against the railroad company and the municipality. The complaint alleged that the driver was negligent in failing to keep a proper lookout and in failing to see and avoid the obstruction and in failing to drive on his right side of the street. The allegations of negligence on the part of the corporate defendants was that the construction of the overpass in such manner constituted a dangerous condition and that they were negligent in so maintaining the overpass supports for a number of years and were negligent in failing to keep proper warning signals and lights on the supports. *Held:* The negligence alleged on the part of the corporate defendants continued up to the time of the injury, and the allegation that the driver negligently failed to see the obstruction is not tantamount to an admission that it was adequately lighted, and since it cannot be held as a matter of law upon the allegations of the complaint taken as a whole that the alleged negligence of the corporate defendants did not join with the alleged negligence of the driver in logical sequence in producing the injury in suit, and since the alleged negligence of the driver cannot be held as a matter of law to be of such extraordinary nature as not to have been reasonably foreseeable in the situation created by the alleged negligence of the corporate defendants, the demurrer of the corporate defendants on the ground that the alleged negligence on the part of the driver insulated the negligence of the corporate defendants, was properly overruled.

4. **Same: Automobiles § 21—**

A guest in a car, being without fault, is entitled to recover from each defendant whose negligence concurs in producing the injury.

APPEAL by plaintiff from *Stevens, J.,* at October Term, 1940, of DURHAM. Reversed.

*Victor S. Bryant and John D. McConnell for plaintiff, appellant.*
*Hedrick & Hall for defendant Southern Railway Company, appellee.*
*C. V. Jones and S. C. Brawley for defendant city of Durham, appellee.*

SEAWELL, J. The plaintiff brought this action to recover damages for an injury which she alleges she sustained as the result of the concurring negligence of William B. Blades, deceased intestate of Grace M. Blades, administratrix, defendant, the Southern Railway Company and

the city of Durham, her codefendants. The alleged negligence of the corporate defendants consisted in maintaining an inadequately lighted obstruction or structure in Chapel Hill Street within the city limits, consisting of the middle concrete piers or pillars supporting the railroad bridge over the underpass of the street at that point, which piers are alleged to be in the center of the street. The negligence of Blades is alleged to have been the careless operation of his automobile, in which plaintiff was a guest, which automobile, it is alleged, was caused to come into violent collision with the aforesaid central pillars of the bridge, to the great injury and damage of the plaintiff. This negligence of Blades is set up in the complaint as follows:

"21. That the defendant's intestate carelessly and negligently failed to keep a lookout for said post or obstruction in the street and negligently and carelessly failed to exercise due and proper precaution in the operation of his automobile in that he negligently failed to keep a lookout for and negligently failed to see said obstruction, and negligently failed to drive his automobile on the right-hand side of the street at said point.

"22. That the plaintiff believes and so alleges that the defendant's intestate, Mr. William Blades, was also careless and negligent, in that he negligently failed to give proper attention to the street and obstructions therein and negligently failed to see the said concrete post or abutment in the center of the street, and negligently failed to drive on his proper side of the street at said point, and negligently and carelessly operated his car at an unlawful, negligent and careless rate of speed, in such manner as to drive into said concrete post, and all of said acts of the defendant's intestate, Mr. Blades, as aforesaid, were careless and negligent."

The negligence charged to the corporate defendants is stated in the complaint, in part, as follows:

"11. That said concrete post or support so erected with the knowledge, consent and approval of the city of Durham constituted an obstruction in said Chapel Hill Street, which was a public highway and thoroughfare, and said obstruction so placed in Chapel Hill Street had existed to the knowledge of the city of Durham for more than 12 years prior to the time of the collision herein complained of.

"12. That it was the duty of the defendants city of Durham and Southern Railway Company to see that any obstructions placed in Chapel Hill Street as supports for said underpass, or permitted to be placed or remain in said street, were properly marked with signals or lights or other warning devices in order that any persons using the highway at nighttime might be warned against such obstruction or defect.

"13. That neither the city of Durham nor the Southern Railway Company placed any light on said westernmost pillar of the underpass constructed at Chapel Hill Street as a warning to those using said street at night.

"14. That the only marker or signal or warning sign of any nature at the point where the collision hereinafter described occurred consisted of a small octagonal piece of wood with a number of glass studs placed on the westernmost post of the underpass; that there was no light or red lantern or red signal of any nature whatsoever placed on said concrete pillar located in the center of the highway at the times hereinafter complained of.

"15. That said piece of wood was too small and was not an adequate signal or warning, and in the nighttime the said studded piece of wood fastened to the post was wholly unable and inadequate to act as a signal or warning of the presence of said concrete post or support which constituted an obstruction in the said highway, and the defendants city of Durham and Southern Railway Company had negligently permitted said octagonal piece of wood and the small studs thereon to become defaced, dirty and broken, and at the times hereinafter complained of said sign was not a proper signal.

"16. That said underpass was negligently and carelessly constructed and maintained by the defendants city of Durham and Southern Railway Company, both knowing and being advised at the time the same was built that the said underpass, if constructed as proposed, and as finally constructed, would create a very dangerous condition and a great and unnecessary hazard, and said defendants were negligent in constructing said underpass in the manner herein set forth.

"17. That the defendants Southern Railway Company and city of Durham were negligent and careless and acted in total disregard of the rights, life and safety of those using the highway in erecting or permitting to be erected in the center of Chapel Hill Street, a much traveled thoroughfare, said concrete post or obstruction, and were particularly negligent and careless in permitting such obstruction to be erected in the center of said street without placing thereon adequate lights, warnings or signals, and were further negligent and careless in permitting said extremely dangerous and hazardous condition to exist for a period of at least 12 years up to and including the time said post was struck by the automobile driven by Mr. Blades."

After the jury had been impaneled the defendants Southern Railway Company and city of Durham demurred ore tenus to the complaint as not stating a cause of action. After argument, the trial judge sustained the demurrer, ordered a mistrial, and continued the case as to Grace M. Blades, administratrix. The plaintiff appealed from the order sustain-

ing the demurrer as to each defendant, Southern Railway Company and city of Durham. These defendants filed a joint brief.

There are two main questions presented here. The first is whether the maintenance of the underpass supports, which are alleged to be under the middle of the bridge and in the center of the street, and which are a part of the original construction, admittedly completed many years ago, could now be held to be negligent of itself. But, since the plaintiff in the brief and argument relies upon the allegations of negligence in the failure to keep the structure properly lighted, further consideration of that question is unnecessary—except to say that plaintiff has, in this respect, brought her case within the recognized pale of actionable negligence. *Dillon v. Raleigh,* 124 N. C., 184, 32 S. E., 548; *Speas v. Greensboro,* 204 N. C., 239, 167 S. E., 807.

The other question is whether the plaintiff in her manner of setting up the negligence of the corporate defendants, and in relation thereto that of Blades, has not so stated the case that, taking the complaint as a whole, any negligence alleged against the Railroad Company and the city of Durham is not insulated by the alleged negligence of Blades; or, at least, whether the negligence attributed to Blades is not so related to that alleged against these defendants as to amount to an admission, or averment, or conclusion that the corporate defendants were not negligent.

Covering the conveniences of this discussion, there are two instances, at least, where the intervening negligence of an independent responsible agency would "insulate" the primary negligence charged to a defendant: One is where such intervening negligence has no logical connection by way of causation with the original negligence, and stands, therefore, independently as the sole proximate cause. The other is where the negligence of the intervening agency is of such an extraordinary nature as not to be reasonably foreseeable by the author of the original negligence and must, therefore, be considered the proximate cause—the original or primary negligence under such circumstances being considered too remote. Primary negligence is not relieved by intervening negligence on the principle that the latter is subsequent to, or greater than, the original negligence.

As the pleading stands, plaintiff has sufficiently alleged, and may be able to establish by the evidence, such logical connection between the alleged negligence of the corporate defendants and that of Blades as to remove the case from the first category. As to the second, we are unable to say, as a matter of law, from the complaint, that the negligence of Blades was of such a character as to be unforeseeable, or that it may not, upon the trial, turn out to be the natural and probable result of the failure to properly light or otherwise protect the obstruction or structure described in the pleading as being maintained in the highway, and

with which the Blades car came into collision; or that the conduct of Blades was not a normal reaction to the situation in which he was placed by the negligence of the defendants, assuming that there was such negligence. Restatement of the Law, Torts, Negligence, section 447.

Usually the question of foreseeability is one for the jury. *Williams v. Charles Stores,* 209 N. C., 591, 184 S. E., 496; *Earwood v. R. R.,* 192 N. C., 27, 133 S. E., 180; Rationale of Proximate Cause, Greene, p. 135.

Comparing the allegations of the complaint so as to properly appraise them in their relation to each other, and in their collective significance, it is not now clear how the collision with an unlighted obstruction in the street should be considered such an extraordinary occurrence as to be unforeseeable, even though caused in part by the negligence of the driver, such as is described in the paragraphs above quoted. Restatement of the Law, Torts, *supra;* Shearman and Redfield on Negligence, 6th Ed., Vol. 1, section 38 (a); Harper, Law of Torts, section 123; *Earwood v. R. R., supra; Hinnant v. R. R.,* 202 N. C., 489, 163 S. E., 555; *Gordan v. Bedard,* 265 Mass., 408, 164 N. E., 374; *Beatty v. Dunn,* 103 Vt., 346, 154 Atl., 770; *Engle v. Director General,* 78 Ind. A., 547, 133 N. E., 138, 139.

We should bear in mind that the issue is not between the administratrix of the negligent driver and the corporate defendants, but between the plaintiff, who was without negligence, and all of the defendants, each of whom owed her the duty of due care. *Groome v. Davis,* 215 N. C., 510, 518, 2 S. E. (2d), 771; *Brown v. R. R.,* 208 N. C., 57, 179 S. E., 25. Even if we had the evidence before us, dismissal of the action upon a ground of that nature would be justified only when there is clearly and unmistakably but a single inference from the evidence, and that denoting a want of proximate cause or indicating unforeseeability of the intervening negligence.

Also, at this junction, we cannot see that the allegation to the effect that Blades was negligent in the operation of his car, in that he failed to see the obstruction, is tantamount to an admission that it was adequately lighted; or that the allegations quoted from the complaint with reference to his negligence could, as a matter of law, relieve the defendants from liability. Blades owed the plaintiff the duty of due care under the circumstances in which he was placed. Upon a proper showing, he might be liable for his want of circumspection, even under the conditions brought about by the defendants' negligence, as alleged. The allegations of negligence against him may or may not be established by the evidence, but *non constat* that an adequate lighting of the central pier of the overpass might not have prevented his error or, at least, have revealed to him his plight in time for him to avoid the collision. One

686 IN THE SUPREME COURT. [218

of the allegations of negligence is that he was traveling in the left-hand lane, which brought him nearer the obstruction.

In this connection it is not amiss to note that the negligence with which the corporate defendants are charged is the omission of duty which continued down to the time of the injury. While this may not in all cases repel the doctrine of insulated negligence, it must necessarily restrict the field of its application.

Questions of minor importance not here discussed are not considered of sufficient merit to aid the appellees.

The judgment sustaining the demurrer, as to each of the defendants, is Reversed.