JANE MONTGOMERY v. GRACE M. BLADES, ADMINISTRATRIX OF WILLIAM B. BLADES, DECEASED, SOUTHERN RAILWAY COMPANY AND CITY OF DURHAM.

(Filed 14 July, 1943.)

**Appeal and Error § 43—**

Petitions to rehear will be dismissed where the grounds of error assigned are substantially the same as on the former hearing, and no new facts appear, no new authorities cited, and no new positions assumed. Rule 44, Rules of Practice in the Supreme Court, 221 N. C., p. 570.

SEAWELL, J., dissenting.

PETITION by plaintiff for a rehearing on defendant's appeal from judgment of the Superior Court of Durham County in this action.

*Victor S. Bryant and James R. Patton, Jr., for plaintiff, petitioner.*

*W. T. Joyner and Hedrick & Hall for Southern Railway Company, respondent.*

*Claude V. Jones and S. C. Brawley for City of Durham, respondent.*

SCHENCK, J. On 12 May, 1943, petition to rehear was allowed only on the question whether the decision in *Montgomery v. Blades*, 218 N. C., 680, should be held controlling, and the petition was duly docketed for a rehearing. Rule 44 (6), Rules of Practice in the Supreme Court, 221 N. C., 570. On 2 June, 1943, upon examination of petition and briefs filed the petition was dismissed for the reason that the grounds of error assigned in the petition are substantially the same as those argued and passed upon on the former hearing, and no new facts were made to appear, no new authorities were cited and no new positions were assumed. *Weston v. Lumber Co.*, 168 N. C., 98, 83 S. E., 693; *Jolley v. Telegraph Co.*, 205 N. C., 108, 170 S. E., 145.

That the decision in 218 N. C., 680, was duly considered by the Court is manifested in the opinion assailed by these words: "It is contended that the 'law of the case' was written when this case was before us at the fall term of 1940, 218 N. C., 680, 12 S. E. (2d), 217. At that term we

held that the demurrer to the complaint should not have been sustained. We are now holding that the demurrer to the evidence in this case should be sustained. There is no inconsistency in such holdings. 'The case was here before, 210 N. C., 815, on demurrer to the complaint, C. S., 511. It is here now on demurrer to the evidence, C. S., 567. The two are not the same in purpose or result. One challenges the sufficiency of the pleadings; the other the sufficiency of the evidence. In negligence cases, it is proper to sustain a demurrer to the evidence and to enter judgment of nonsuit.' *Smith v. Sink,* 211 N. C., 725, 192 S. E., 108. When the *Smith case, supra,* was first before us on demurrer to the complaint, such demurrer was overruled; when before us the second time the demurrer to the evidence was sustained. Exactly the same situation exists in the case at bar." *Montgomery v. Blades,* 222 N. C., 469.

Petition dismissed.

Seawell, J., dissenting: The conditions on which this case has been submitted to the Court for limited consideration are not clear. Perhaps it was intended to submit the question whether the law as declared in *Montgomery v. Blades,* 218 N. C., 680, is, technically speaking, the law of the case. The discussion of that question would now be largely academic. What I have to say has been fully said in the opinion on the former hearing—218 N. C., 680, *supra*—which applies with as much force to the evidential facts as it did to the factual statement in the complaint, because upon the critical question involved they are identical.

When the case was here upon the first appeal on demurrer to the complaint, the controversy was over the question whether upon the factual statement in the complaint, the negligence of Blades did not insulate the negligence of the corporate defendants in not lighting the supporting piers in the middle of the underpass. Two references to the complaint in the opinion upon the present appeal make it clear that this opinion has the effect of overruling the decision in the former case as it applied to this particular, without differentiation of fact between the allegations of the complaint and the evidence. In these references the allegations of the complaint with reference to Blades' negligence, as they are incorporated in the evidence, are quoted as substantial reasons for sustaining the nonsuit. *Montgomery v. Blades,* 222 N. C., 463, 23 S. E. (2d), 844, 847, 848. The fact that on the former appeal the Court dealt with a demurrer to the complaint and on the present appeal a demurrer to the evidence is not significant, since the same principle of law is involved and the same factual situation. In fact, the plaintiff fulfilled in the evidence every factual commitment she made in the complaint on this phase of the controversy, and she was entitled to the benefit of the law of the case as laid down in the former appeal.

But aside from the obvious departure from a rule which has been thought gravely necessary to maintain a respect for the stability of judicial opinion and the propriety of dealing consistently with those who are compelled to submit their conflicting claims to a court which, both in theory and practice, should be one of final authority, I cannot agree with the conclusion reached in the majority opinion or the reasoning on which it is based. Without expressing any opinion on the merits of the case, I believe that there were reasonable inferences from the evidence respecting the foreseeability of the intervening negligence with which the jury alone had the right to deal. The case was properly submitted to the jury.