ALICE JEANNIE HAWLEY CLOUSE v. CHAIRTOWN MOTORS, INC.

No. 7322SC140

(Filed 28 March 1973)

1. **Damages § 15; Fraud § 12— fraud in sale of automobile — sufficiency of evidence — punitive damages**

   In this action to recover damages for fraud in the sale of an automobile, plaintiff's evidence was sufficient for submission to the jury of an issue of compensatory damages, but was insufficient for submission of an issue of punitive damages, where it tended to show that defendant's agents represented to plaintiff that the automobile came straight from the factory, that it had never been "titled" to another person, that it was a "new factory demonstrator car," and that it had not been wrecked, that the automobile in fact had previously been owned by a rent-a-car company, and that subsequent to the purchase one of defendant's agents admitted that the automobile had been wrecked.

2. **Appeal and Error § 68— law of the case — sufficiency of complaint — insufficiency of evidence**

   Decision on former appeal that plaintiff's complaint stated a claim for relief for punitive damages does not constitute the law of the case on the question of whether plaintiff's evidence is sufficient to support the submission of an issue of punitive damages to the jury.

APPEAL by plaintiff and defendant from *Gambill, Judge,* 10 July 1972 Session of Superior Court held in DAVIDSON County.

Plaintiff commenced this civil action against the defendant corporation seeking compensatory and punitive damages for fraud. The defendant filed a counterclaim seeking damages on a cause of action unrelated to the plaintiff's claim for fraud. The issues raised by the counterclaim were answered by the jury in favor of the plaintiff and the appeal taken as to those issues has lapsed.

At trial before a jury plaintiff testified in her own behalf to the following facts: On 18 November 1969, plaintiff entered into a contract with the defendant corporation to purchase a 1969 Mercury automobile. At the time the contract was entered into, the defendant corporation's agents, C. C. Alexander and J. E. Sink, represented to plaintiff that the Mercury automobile "came straight from the factory"; that it had never been "titled" to another person; that "it was a new factory demonstrator car"; and that the Mercury automobile had not been "wrecked." Plaintiff further testified that she relied upon these

representations in deciding to purchase the Mercury automobile, but that, subsequent to the purchase, C. C. Alexander "admitted the car had been wrecked." On 15 December 1969, plaintiff discovered from a notice mailed to her by the North Carolina Department of Motor Vehicles that the Mercury automobile she had purchased had previously been owned by a "rent-a-car" company. Plaintiff also testified that the purchase price of the Mercury car was $3,295.00, but that in her opinion the fair market value of the car on the date of purchase was only $2,500.00.

The defendant offered evidence showing, in substance, that the defendant's agents and employees had not knowingly made any false representations to the plaintiff; that the title to the Mercury automobile in question was originally held by a "rent-a-car" corporation, but that neither C. C. Alexander nor J. E. Sink were aware of that fact when dealing with Mrs. Clouse; that neither Alexander nor Sink made any statement with regard to whether or not the Mercury car had been previously owned by a "rent-a-car" company, but that Sink had represented to Mrs. Clouse that the Mercury was a "factory car." Defendant also offered in evidence testimony to the effect that the purchase contract between plaintiff and defendant showed the Mercury car as being a "used factory" car and that cars used by "rent-a-car" companies were sold as "used factory" cars by the defendant.

At the close of the plaintiff's evidence the defendant moved for a directed verdict. The motion was denied as to the claim for fraud, but allowed as to the issue of punitive damages. At the close of all the evidence, the motion for a directed verdict was renewed and denied by the trial court. The jury answered the issues tendered in favor of the plaintiff and returned a verdict that the plaintiff shall recover of the defendant the sum of $795.00. Judgment was entered on the verdict and the defendant's motion for judgment notwithstanding the verdict was denied. Both plaintiff and defendant appealed, assigning error.

*John Randolph Ingram for plaintiff appellee and plaintiff appellant.*

*Charles F. Lambeth, Jr., for defendant appellant and defendant appellee.*

---

Clouse v. Motors, Inc.

---

MORRIS, Judge.

### PLAINTIFF'S APPEAL

[1] Plaintiff assigns error to the action of the trial judge, allowing the defendant's motion for a directed verdict on the issue of punitive damages, G.S. 1A-1, Rule 50(a). Plaintiff contends that, under the facts of this case, the issue of punitive damages should have been submitted to the jury.

In North Carolina, whether a party may recover punitive damages in an action for fraud depends on the character of the acts alleged to constitute fraud in each case. *Swinton v. Realty Co.*, 236 N.C. 723, 73 S.E. 2d 785 (1953).

> "In ordinary cases a recovery of exemplary, punitive, or vindictive damages will not be allowed in an action of deceit, but in certain cases such damages may be allowed, as . . . where the fraud is gross or the case presents other extraordinary or exceptional circumstances clearly indicating malice and willfulness, as where it appears that defendant acted with a deliberate intent to injure plaintiff. . . . "
> 37 C.J.S., Fraud, § 144.

See also, *Nunn v. Smith*, 270 N.C. 374, 154 S.E. 2d 497 (1967); *Van Leuven v. Motor Lines*, 261 N.C. 539, 135 S.E. 2d 640 (1964); *Binder v. Acceptance Corp.*, 222 N.C. 512, 23 S.E. 2d 894 (1943); *Mills v. Koscot Interplanetary*, 13 N.C. App. 681, 187 S.E. 2d 372 (1972); *Poplin v. Ledbetter*, 6 N.C. App. 170, 169 S.E. 2d 527 (1969).

> "[W]e think the rule is that the facts in each case must determine whether the fraudulent representations alleged were accompanied by such acts and conduct as to subject the wrongdoer to an assessment of additional damages, for the purpose of punishing him for what has been called his 'outrageous conduct'." *Swinton v. Realty Co., supra.*

We hold that, taking all of the plaintiff's evidence as true, the record is void of evidence of insult, indignity, malice, oppression, or bad motive, and that the facts upon which the plaintiff seeks to recover punitive damages are the same facts on which he bases his cause of action for fraud. See *Nunn v. Smith, supra.* This assignment of error is overruled.

[2] Although not referred to by the plaintiff in her brief, we note that this case has been before us on a previous appeal

[*Clouse v. Motors, Inc.,* 14 N.C. App. 117, 187 S.E. 2d 398
(1972)]. On that appeal, Judge Vaughn, writing for the Court,
held that the trial court had erred in allowing the defendant's
motion to dismiss the complaint as to the issue of punitive
damages and that the facts alleged in the complaint of the
plaintiff stated a claim for punitive damages upon which relief
could be granted, G.S. 1A-1, Rule 12(b)(6). At the trial below
the defendant's motion for a directed verdict on the issue of
punitive damages was allowed, and we have sustained that
ruling on this appeal. Plaintiff has not raised or discussed the
issue whether the decision on plaintiff's former appeal is the
"law of the case," binding on the question of the adequacy of
the facts to state a claim for relief for the jury to decide. Even
had the plaintiff so contended, she could not prevail. In the
former appeal the sufficiency of pleadings was before the court.
Here we are concerned with sufficiency of the evidence.

> "It is contended that the 'law of the case' was written when
> this case was before us at the fall term of 1940, 218 N.C.,
> 680, 12 S.E. (2d), 217. At that term we held that the
> demurrer to the complaint should not have been sustained.
> We are now holding that the demurrer to the evidence in
> this case should be sustained. There is no inconsistency in
> such holdings. . . . " *Montgomery v. Blades,* 222 N.C. 463,
> 23 S.E. 2d 844 (1943), reh. denied, 223 N.C. 331, 26 S.E.
> 2d 567; *Smith v. Sink,* 211 N.C. 725, 192 S.E. 108 (1937).
> See also, *Lewis v. Shaver,* 236 N.C. 510, 73 S.E. 2d 320
> (1952).

Plaintiff further assigns error to the admission in evidence
of certain testimony and the exclusion from evidence of other
testimony. We have considered the questions raised, but are of
the opinion that no prejudicial error was committed therein by
the trial judge. These assignments of error are overruled.

## DEFENDANT'S APPEAL

[1] Defendant assigns as error the failure of the trial judge
to grant its motions for a directed verdict and for judgment
notwithstanding the verdict. G.S. 1A-1, Rule 50(b). However,
we are of the opinion that viewed in the light most favorable
to the plaintiff, the evidence was sufficient to be submitted to
the jury and amply supported the verdict and that defendant's
motions were properly denied. *Garland v. Penegar,* 235 N.C.
517, 70 S.E. 2d 486 (1952); *cf. Bennett v. Whippett-Knight Co.,*

198 N.C. 98, 150 S.E. 676 (1929). This assignment of error is overruled.

Defendant assigns as error the failure of the trial judge to declare and explain the law arising on the evidence, G.S. 1A-1, Rule 51 (a). We have examined the challenged portion in connection with the charge as a whole in the light of the evidence offered. We do not perceive any substantial ground upon which to predicate harmful error.

Plaintiff's appeal—Affirmed.

Defendant's appeal—Affirmed.

Judges BROCK and HEDRICK concur.