EDDIE HARDY, JR. v. CHARLES L. TOLER AND PAMLICO MOTOR COMPANY, A CORPORATION

No. 743SC913

(Filed 19 February 1975)

Damages § 15; Fraud § 12; Unfair Competition— representations by automobile salesman — punitive damages — unfair and deceptive trade practices

   In an action to recover damages for fraud in the sale of an automobile, the evidence was insufficient to be submitted to the jury on

the issue of punitive damages where it tended to show that defendant salesman represented the automobile as a one-owner vehicle when he knew the vehicle had had two previous owners, the salesman represented the automobile to have only 21,000 miles of use when he knew it had been used in excess of 79,000 miles, the salesman falsely represented that the warranty could be transferred to plaintiff for a $25.00 fee, and the salesman knew that the vehicle had been damaged in a collision but represented to plaintiff that it was in excellent condition; however, such evidence was sufficient to require submission to the jury of an issue as to whether the false representations constituted unfair or deceptive acts or practices in the conduct of trade or commerce within the purview of G.S. 75-1.1 for which plaintiff would be entitled to recover treble damages.

APPEAL by plaintiff from *James, Judge,* 7 May 1974 Session of Superior Court held in CRAVEN County. Argued in the Court of Appeals on 21 January 1975.

In this action plaintiff seeks to recover damages allegedly due him as the result of false representations made by the individual defendant, as the agent of the corporate defendant, with respect to an automobile purchased by plaintiff from defendants. Pertinent allegations of the complaint, filed 27 November 1972, and amendments thereto, are summarized as follows:

On or about 11 November 1971, plaintiff purchased from defendants a 1970 Dodge Super Bee automobile for a total purchase price of $2,350. The odometer of the automobile registered approximately 21,000 miles and defendants represented the vehicle as having had only one previous owner. Defendants further told plaintiff that the manufacturer's warranty could be transferred to plaintiff upon the payment of an additional $25 as a transfer fee; this representation was made part of the bargain for the purchase of the automobile and plaintiff paid the additional fee.

On 30 May 1972, plaintiff was advised by defendants that the warranty could not be transferred to plaintiff and defendants attempted to refund the $25 transfer fee. Plaintiff then learned for the first time that the automobile was not in conformity with the representations made at the time of the sale.

Plaintiff discovered that the automobile at the time of purchase had in excess of 79,000 miles on it and in fact had been sold twice prior to the date of the purchase, both times by the defendants. Defendants knew at the time of the sale to plaintiff that the warranty for the automobile could not be transferred

to plaintiff, that the vehicle had been driven in excess of 79,000 miles and that it had been damaged in a collision while previously owned, which adversely affected its performance and reduced its value; that defendants knew of this collision, the damage to the vehicle, and the diminution in value but represented to plaintiff with intent to deceive that the automobile was in excellent condition.

The representations concerning the automobile made by the defendants were false, and were known by them to be false at the time they were made. The false representations were made by defendants with the intent to deceive plaintiff, to induce plaintiff to purchase the automobile, and they did in fact deceive plaintiff; and in reliance upon them, plaintiff purchased the automobile from defendants. Defendants' actions in representing that the warranty could be transferred, that the automobile had been driven only 21,000 miles, and their failure to tell plaintiff that the automobile had been damaged constituted unfair and deceptive acts and practices within the meaning of General Statute § 75-1.1.

The fair market value of the automobile as represented and warranted was $2,350, its actual value was $1,450; and plaintiff has been damaged in the amount of $900.

In June and July of 1972, plaintiff notified defendants of the revocation of his acceptance of the automobile and demanded a refund of the purchase price in full. Plaintiff continued possession of the vehicle under the reasonable belief that defendants would seasonably cure the nonconformity of the automobile but defendants have refused to cure the nonconformance.

Plaintiff prayed that he recover $900 as damages for fraud, treble damages for the unfair and deceptive acts of the defendants as provided for by G.S. 75-16, punitive damages in the amount of $50,000, and for the costs of this action. He requested a jury trial.

In their answer defendants admitted that the representations as to the warranty being transferable and that the car was a one-owner car were erroneous but that they were made through an honest mistake. They alleged that one of the owners only kept the car overnight and returned it the next day and that the sale had been voided on their books; that they did not find out about the nontransferability of the warranty until they heard from

Chrysler Corporation; that as soon as they found out they offered to return the plaintiff's $25 and to make the warranty good themselves, which offer was refused by plaintiff.

At a pretrial conference defendants stipulated to the following:

3. That the said automobile sold to the plaintiff, was represented by the defendant, Charles L. Toler, as the agent, servant and employee of Pamlico Motor Company, as being a one-owner vehicle, and that if the plaintiff purchased the same, the remaining portion of the original new car warranty could be transferred to him upon his payment of the additional sum of $25.00 for a transfer fee, and this representation was made part of the bargain for the purchase of the Dodge automobile, and that the said sum was in fact paid, along with the purchase price. That the said automobile in fact, had been sold twice prior to this time, by the defendant corporation, and this was known by the individual defendant, Charles L. Toler, for the vehicle had been previously sold to Jasper Willis Fleming and then subsequently to Guy L. Satterthwaite. That during the period the car was owned by Guy L. Satterthwaite, it was involved in a collision and was wrecked, and this information was known by the defendant at the time of the sale to the plaintiff, as well as that this was the third sale of the said vehicle.

At trial the parties presented evidence substantially in conformity with their pleadings.

At the close of all the evidence defendants made a motion under Rule 50 for a directed verdict on the issue of punitive damages. The motion was allowed and plaintiffs excepted. Plaintiffs made a motion for a directed verdict as to the issue of whether defendants had breached any express warranties made to plaintiff. This motion was allowed. Plaintiff then tendered the following issues for submission to the jury:

(a) Did the false representations of the defendant to the plaintiff in connection with the sale of said vehicle, as alleged in the complaint, constitute unfair or deceptive acts or practices in the conduct of trade or commerce?

(b) Were the false representations of the defendants to the plaintiff done with the intent to defraud the plaintiff,

and with willful, wanton or reckless disregard of the plaintiff's rights?

(c) If so, in what amount is the plaintiff entitled to recover punitive damages of the defendants?

The court refused to submit the issues tendered by plaintiff but submitted the following issue: "What amount is the plaintiff, Eddie Hardy, Jr., entitled to recover of the defendants, Charles L. Toler and the Pamlico Motor Company?" The jury answered the issue $600. After the jury returned the verdict, plaintiff asked the court to treble the amount of the verdict as provided by G.S. 75-16. The court denied the motion. From judgment entered on the verdict, plaintiff appealed, assigning numerous errors.

*Ward and Ward, by Jerry F. Waddell and Kennedy W. Ward, for plaintiff appellant.*

*Wilkinson and Vosburgh, by John A. Wilkinson, for defendant appellees.*

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Donald A. Davis, as amicus curiae, for the State.*

BRITT, Judge.

Plaintiff contends the trial court erred in allowing defendants' motion for a directed verdict under Rule 50(b) as to the issue of punitive damages. We find no merit in this contention. Due to the similarity of the facts in this case to those presented in *Clouse v. Motors, Inc.*, 17 N.C. App. 669, 195 S.E. 2d 327 (1973), we think the principle of law applied in the plaintiff's appeal in that case is applicable here. Appropriate here are the following words from the opinion in *Clouse* by Judge Morris (p. 671): "We hold that, taking all of the plaintiff's evidence as true, the record is void of evidence of insult, indignity, malice, oppression, or bad motive, and that the facts upon which the plaintiff seeks to recover punitive damages are the same facts on which he bases his cause of action for fraud. (Citations)" *See also Nunn v. Smith*, 270 N.C. 374, 154 S.E. 2d 497 (1967).

Plaintiff contends the trial court erred in not submitting the following issue to the jury: "Did the false representations of the defendant[s] to the plaintiff in connection with the sale

of said vehicle, as alleged in the complaint, constitute unfair or deceptive acts or practices in the conduct of trade or commerce?" This contention has merit and we hold that the court erred in not submitting the issue.

G.S. 75-1.1 provides in pertinent part as follows:

> Methods of competition, acts and practices regulated; legislative policy.— (a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

> (b) The purpose of this section is to declare, and to provide civil legal means to maintain, ethical standards of dealings between persons engaged in business, and between persons engaged in business and the consuming public within this State, to the end that good faith and fair dealings between buyers and sellers at all levels of commerce be had in this State.

— — — —

G.S. 75-16 provides: "Civil action by person injured; treble damages.—If any person shall be injured or the business of any person, firm or corporation shall be broken up, destroyed or injured by reason of any act or thing done by any other person, firm or corporation in violation of the provisions of this chapter, such person, firm or corporation so injured shall have a right of action on account of such injury done, and if damages are assessed by a jury in such case judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict."

All of G.S. 75-1.1 above quoted, and the first portion of G.S. 75-16 reading "[i]f any person shall be injured" are parts of Chapter 833 of the 1969 Session Laws. The title of that act is AN ACT TO AMEND CHAPTER 75 OF THE GENERAL STATUTES TO PROVIDE CIVIL REMEDIES AGAINST UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN TRADE OR COMMERCE.

We think it was the clear intention of the 1969 General Assembly in enacting Ch. 833, among other things, to declare deceptive acts or practices in the conduct of any trade or commerce in North Carolina unlawful, to provide civil means to maintain ethical standards of dealings between persons engaged

in business and the consuming public within this State, and to enable a person injured by deceptive acts or practices to recover treble damages from a wrongdoer. We also think that the admissions and evidence presented in this case were sufficient to raise a jury question as to whether the false representations allegedly made by defendants constituted unfair or deceptive acts or practices in the conduct of trade or commerce. Had the jury determined that the false representations of defendants constituted unfair or deceptive acts or practices in the conduct of trade or commerce, then the court should have rendered judgment in favor of plaintiff for treble the amount of damages assessed by the jury.

For the reasons stated, the judgment is vacated and this cause is remanded to the superior court for a new trial consistent with this opinion.

New trial.

Judges PARKER and HEDRICK concur.